IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RANDSTAD TECHNOLOGIES, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No._______ |
| COLLABERA, INC., and JEFFREY LUMA, | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

COME NOW Defendants Jeffrey Luma ("Luma") and Collabera, Inc. ("Collabera") (collectively, "Defendants") and remove this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Superior Court of Cobb County, Georgia. Defendants base this removal on diversity jurisdiction because there is complete diversity of citizenship between Plaintiff Randstad Technologies, LLC ("Plaintiff" or "Randstad") and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. In support of this Notice of Removal, Defendants respectfully show as follows:

**BACKGROUND**

1.

On August 30, 2018, Plaintiff filed the above-captioned action in the Superior Court of Cobb County, Georgia, Civil Action File No. 18106542. See generally, Ex. A., Compl.

2.

As set forth in its Complaint, Plaintiff alleges that it formerly employed Defendant Luma as, *inter alia*, its Region President East, and that in that capacity, Defendant Luma gained unique knowledge of its trade secrets and other confidential and proprietary business information. See Ex. A., Compl. ¶¶ 4, 16. Plaintiff further alleges that as a top executive at Randstad, Luma was personally responsible for developing Randstad's most sensitive and confidential business and sales strategies. See Ex. A., Compl. ¶ 17.

3.

Plaintiff alleges that it developed the above referenced confidential information at significant expense and effort over a number of years, and that the same is not generally available to Randstad's competitors. See Ex. A., Compl. ¶ 19.

4.

Plaintiff alleges that if Randstad's Confidential Information were to fall into the hands of a competitor, such as Collabera, Randstad's competitive position would be severely harmed. Plaintiff similarly alleges that if a former employee, such as Luma, retained its confidential information after his employment ended and/or used the confidential information while working for a competitor, Plaintiff's competitive position would be seriously harmed. See Ex. A., Compl. ¶ 21.

5.

The crux of Plaintiff's Complaint is its allegation that Defendant Luma, in alleged violation of certain purportedly enforceable restrictive covenants, ended his employment with Randstad and accepted employment with Defendant Collabera. Plaintiff also alleges that Defendant Collabera intentionally and tortiously interfered with Plaintiff's contractual relationship with Defendant Luma. Finally, Plaintiff alleges that both Defendants violated the Georgia Trade Secrets Act. In that regard, Plaintiff claims, *inter alia*, that Defendant Luma retained and is in possession of its trade secrets, and that Defendant Luma has used and disclosed, or threatened to use and disclose, such trade secrets to Collabera. Plaintiff also claims an entitlement to punitive damages and attorneys' fees, in addition to other,

unspecified monetary damages allegedly stemming from each substantive count of Plaintiff's complaint.

6.

Pursuant to 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings, and other orders served upon" Defendants in this action are attached hereto as Exhibit "A."

**GROUNDS FOR REMOVAL – DIVERSITY JURISDICTION**

7.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between Plaintiff and Defendants. See 28 U.S.C. § 1332(a).

**The Amount in Controversy is Satisfied**

8.

Plaintiff alleges that beginning in 2013, Luma was involved in the development and management of Randstad's sales strategies with regard to many of Randstad's largest customers. See Ex. A., Compl. ¶ 26. On information and

belief, Randstad's largest customers generate millions of dollars per year in profit for Randstad. Ex. B., Patel Dec. ¶ 4.

9.

Plaintiff further alleges that it invests heavily in developing and maintaining customer relationships and in attracting and retaining top employees and talent for both its internal operations and for assignments with customers. See Ex. A., Compl. ¶ 10. While not explicitly stated in the Complaint, on information and belief, said investment, if made, would exceed $75,000.00. See Ex. B., Patel Dec. ¶ 5; Ex. C., Luma Dec. ¶ 5.

10.

Plaintiff also alleges: "To meet its Customers' expectations and needs, Randstad has developed and maintained, at great expense, valuable and long-standing working relationships and substantial goodwill with its Customers." See Ex. A., Compl. ¶ 12. While not explicitly stated in the Complaint, on information and belief, said expense, if made, can exceed $75,000.00. See Ex. B., Patel Dec. ¶ 6; Ex. C., Luma Dec. ¶ 6.

11.

Plaintiff alleges that "as a top executive at Randstad, Luma was not only

privy to Randstad's Confidential Information but was personally responsible for developing Randstad' most sensitive and confidential business and sales strategies." See Ex. A., Compl. ¶ 17. Randstad likewise alleges that "the information to which Luma had access as Region President East constitutes the essence of Randstad's business and sales plans and strategies and the precise DNA for the services Randstad provides to its customers." See Ex. A., Compl. ¶ 33. The value of Randstad's business far exceeds $75,000.00. Ex. C., Luma Dec. ¶. 7; see Ex. B., Patel Dec. ¶ 7.

12.

Perhaps most significantly, Randstad alleges: "Because of Luma's departure, his knowledge of and access to Randstad's confidential, proprietary and/or trade secret information, and his retention and actual or threatened use of Randstad's confidential, proprietary and/or trade secret information to compete with Randstad on behalf of Collabera, Randstad is threatened with losing substantial business." See Ex. A., Compl. ¶ 50. Randstad seeks, in addition to equitable relief, unspecified monetary relief for such claims. See Ex. A., Compl. ¶¶ 57, 78. Though these allegations are false, if true, the amount in controversy from such claims would exceed $75,0000.

13.

In addition, Randstad seeks attorneys' fees and costs, (see Ex. A., Compl., page 18) as well as punitive damages. See Ex. A., Compl. ¶¶ 79-80. Therefore, while Defendants strenuously deny that Plaintiff is entitled to any recovery, Plaintiff has nonetheless alleged a controversy which far exceeds the requisite amount under 28 U.S.C. § 1332(a).

14.

As shown above, notwithstanding that Randstad's Complaint does not explicitly identify the monetary amount in controversy in this case, it is clear that Randstad seeks to recover greater than $75,000.00 (despite the frivolousness of its claims). This conclusion is further supported by a 2017 Complaint in which Randstad asserted claims virtually identical to those alleged in this case. In the 2017 case, Randstad asserted claims against its former employee and the former employee's new employer, and Randstad specifically asserted that the amount in controversy exceeded $75,0000. See Ex. D., Complaint in the matter of Randstad Technologies, LLC v. Fenci and Ettain Group, 1:17-cv-00881-MHC, ECF No. 1, ¶ 6. As here, in Fenci, Randstad alleged that its former employee "was privy to information relating to specific client needs, company strategies, company-wide financials … being utilized by Randstad, which, if used would give [the former

employee and his new employer] an unfair advantage in the staffing market." See Ex. D., ¶ 15.[1] In Fenci, like here, Randstad asserted a claim against its former employee for breach of contract (specifically, breach of the employee's restrictive covenants) and against the employee's new employer for tortious interference with business and contract relations. See generally Ex. D. These claims, and the factual assertions made by Randstad in support thereof, are extremely similar to the claims in this case.[2] Perhaps the most significant difference between this case and Fenci is that, here, Randstad asserts *additional claims* for violation of the Georgia Trade Secrets Acts and for punitive damages. Thus, it stands to reason that if Randstad viewed its case in Fenci as involving an amount in controversy greater than 75,000.00, then the amount in controversy in this case easily exceeds that amount.

**The Parties are of Diverse Citizenship**

15.

Defendant Collabera is a New Jersey corporation with a principal place of business located at 110 Allen Road, Basking Ridge, NJ 07920. See Ex. A., Compl. ¶ 5. The State of New Jersey is the State within which Collabera's officers direct,

[1] The employee at issue in Fenci worked as a Regional Managing Director (see Ex. D, ¶ 11), while Luma is alleged to held a much more significant and senior role in Randstad's business.

[2] Compare: Ex D., Fenci Compl., ¶13 with Ex. A., Luma Compl., ¶ 19; Ex D., Fenci Compl., ¶¶ 15, 21 with Luma Compl., ¶ 31; Ex D., Fenci Compl., ¶¶ 43-53 with Ex. A., Luma Compl., ¶¶ 51-57; Ex D., Fenci Compl., ¶¶ 54-60 with Ex. A., Luma Compl., ¶¶ 58-66.

control, and coordinate the corporation's activities. Ex. B., Patel Dec. ¶ 8. Collabera maintains its headquarters in the state of New Jersey and said New Jersey headquarters is the actual center of direction, control, and coordination of Collabera's business. Ex. B., Patel Dec. ¶ 8.

16.

Defendant Luma is domiciled in/is a resident exclusively of the State of New Jersey. See Ex. A., Compl. ¶ 4; Ex. C., Luma Dec. ¶ 9.

17.

Plaintiff Randstad is an alleged Delaware limited liability company, with its alleged principal place of business located at One Overton Park, 3625 Cumberland Blvd SE, Atlanta (Cobb County), GA 30339 See Ex. A., Compl. ¶ 3. New Jersey is NOT the State where Randstad's officers direct, control, and coordinate the Randstad's activities. Likewise, Randstad does not maintain its headquarters in the state of New Jersey. Ex. C., Luma Dec. ¶ 8.

18.

Accordingly, the parties are diverse for purposes of subject matter jurisdiction under 28 U.S.C. § 1332(a).

**Defendants Have Satisfied the Procedural Requirements for Removal**

19.

The removal of this action to this Court is timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after August 31, 2018, which is the date Collabera received service of the Summons and Complaint in this action. The removal of this action to this Court is also timely under 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty (30) days after September 17, 2018, which is on or about the date Defendant Luma accepted service of the Summons and Complaint in this action.

20.

As of the time of this removal, neither Defendant has filed a responsive pleading to Plaintiff's Complaint. In filing this Notice of Removal, the Defendants do not waive, and specifically reserve, any and all objections as to personal jurisdiction, defenses, exceptions, rights, and motions.

21.

For purposes of this Notice of Removal, venue lies in the United States District Court for the Northern District of Georgia because the original action was filed in a state court (i.e., the Superior Court of Cobb County, State of Georgia)

located within the Northern District of Georgia, Atlanta Division. Thus, venue is appropriate for present purposes because this Court is located within the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).[3]

A copy of this Notice of Removal is being served upon Plaintiff and filed with the Clerk of the Superior Court of Cobb County, Georgia. See 28 U.S.C. § 1446(d).

Respectfully submitted, this 1st day of October, 2018.

/s/ Brent D. Wasser
Douglas Duerr
Georgia Bar No. 231772
Brent D. Wasser
Georgia Bar No. 371372

ELARBEE, THOMPSON, SAPP & WILSON, LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
Telephone: (404) 659-6700
Facsimile: (404) 222-9718
duerr@elarbeethompson.com
wasser@elarbeethompson.com

[3] Notwithstanding the foregoing, Defendants expressly reserve the right to seek to transfer this matter to the United States District Court in and for the District of New Jersey on the basis of, *inter alia*, forum nonconveniens as, *inter alia*, all or substantially all of the alleged acts or omissions by Defendants giving rise to the claims asserted in the Complaint are claimed to have occurred in the State of New Jersey. Equitable considerations and the interests of justice further support Defendants' contention that this matter should ultimately be litigated in the United States District Court in the District of New Jersey.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RANDSTAD TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No._______ |
| | ) | |
| COLLABERA, INC., and JEFFREY LUMA, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that, on October 1, 2018, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF System and served a true and correct copy of same on the following counsel for Plaintiff via U.S. First Class Mail, postage prepaid, and Email:

Robert C. Stevens
Alex Meier

/s/ Brent D. Wasser
Brent D. Wasser
Georgia Bar No. 371372