**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RANDSTAD TECHNOLOGIES, LLC<br><br>Plaintiff,<br><br>v.<br><br>JEFFREY LUMA and<br>COLLABERA INC.,<br><br>Defendants. | )s<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:18-cv-04591-SCJ |

**CONSENT ORDER FOR PERMANENT INJUNCTION**

On August 30, 2018, Plaintiff Randstad Technologies, LLC filed its Complaint against Defendants Jeffrey Luma ("Luma") and Collabera Inc. ("Collabera") (together, "Defendants"). Randstad alleges that Luma accepted a position with Collabera that violated his Employee Non-Competition and Confidentiality Agreement ("Agreement"), that Collabera tortiously interfered with Randstad's Agreement, and that both defendants violated the Georgia Trade Secrets Act ("GTSA"). On August 31, 2018, the Superior Court of Cobb County, Georgia entered a Temporary Restraining Order against Defendants. Thereafter, on October 1, 2018, Defendants removed the case to this Court. This matter is now before the Court on the parties' Consent Order for Permanent Injunction as to Defendant Luma.

Defendants consent to the entry of this order and state that their consent is given knowingly and voluntarily and that they have had the opportunity to, and have in fact, consulted with their counsel prior to consenting to the relief described in this order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1367, and personal jurisdiction and venue over the parties in this action are also present.

2. Luma signed the Agreement with Randstad on or about June 23, 2015. A copy of Luma's Agreement is attached as **Exhibit 1** to this Order.

3. In accordance with Rule 52 of the Federal Rules of Civil Procedure, the parties waive the entry of any further findings of fact and conclusions of law for purposes of this Order.

4. Accordingly, the Court hereby **ORDERS** that Luma is restrained, enjoined, and prohibited from directly or indirectly reproducing, using, distributing, disclosing, publishing, or misappropriating any of Randstad's Confidential Information or Trade Secrets.

5. The Court further hereby **ORDERS** that that until January 25, 2019, Luma is restrained, enjoined, and prohibited from directly or indirectly:

a. operating, controlling, or owning any entity which engages in activities competitive with the Business of Randstad (other than owning, as a passive investment, no more than a five (5) percent interest in any such entity) in the Upper United States, which is comprised of Ohio, Michigan, Indiana, Missouri, Illinois, Wisconsin, Minnesota, Washington, Oregon and Northern California; and

b. holding any position as an employee, agent, contractor, or otherwise, for or with any person or entity which engages in activities competitive with the Business of the Randstad in the Upper United States, which is comprised of Ohio, Michigan, Indiana, Missouri, Illinois, Wisconsin, Minnesota, Washington, Oregon and Northern California

if such position involves: (i) providing products or services competitive with the Business of Randstad; (ii) supervising employees or other personnel who provide

products or services competitive with the Business of Randstad; (iii) developing or implementing strategies or methodologies related to products or services competitive with the Business of Randstad; or (iv) engaging in responsibilities in which Luma would utilize or disclose Randstad's Confidential Information.

6. The Court further hereby **ORDERS** that that until July 26, 2019, Luma is restrained, enjoined, and prohibited from directly or indirectly:

a. contacting, soliciting, servicing, selling to, or attempting to contact, solicit, service, or sell to the restricted customers that the Parties agree that Luma serviced, solicited, managed, had responsibility for, interacted with or had access to confidential information regarding for the purpose of providing services competitive with the Business of Randstad;

b. contacting, soliciting, servicing, placing, or attempting to contact, solicit, service, or place any Placement Candidate or Talent with whom Luma had Material Contact at any time during the twelve (12) months prior to the date of Luma's separation of employment with the Randstad for the purpose of providing services competitive with the Business of Randstad;

c. contacting, recruiting, or soliciting, or attempting to contact, recruit, or solicit any associate (internal) employee of Randstad with whom Luma worked at any time during the twelve (12) months prior to the date of Luma's separation of employment with Randstad for the purpose of encouraging, enticing or causing such associate (internal) employee to terminate employment with Randstad, or to accept employment with any person or entity that competes with the Business Randstad;

d. hiring any associate (internal) employee of Randstad with whom Luma worked at any time during the twelve (12) months prior to the date of Luma's separation of employment from Randstad for any person or entity that competes with the Business of Randstad;

e. operating, controlling, or owning any entity which engages in activities competitive with the Business of Randstad (other than owning, as a passive investment, no more than a five (5) percent interest in any such entity) in the East Region, which is comprised of Maine, Massachusetts, New York, New Jersey, Pennsylvania, Delaware, Maryland, the District of Columbia, Virginia, North Carolina, Georgia, Florida, and Tennessee; and

f. holding any position as an employee, agent, contractor, or otherwise, for or with any person or entity which engages in activities competitive with the Business of the Randstad in the East Region, which is comprised of Maine, Massachusetts, New York, New Jersey, Pennsylvania, Delaware, Maryland, the District of Columbia, Virginia, North Carolina, Georgia, Florida, and Tennessee if such position involves: (i) providing products or services competitive with the Business of Randstad; (ii) supervising employees or other personnel who provide products or services competitive with the Business of Randstad; (iii) developing or implementing strategies or methodologies related to products or services competitive with the Business of Randstad; or (iv) engaging in responsibilities in which Luma would utilize or disclose Randstad's Confidential Information.

g. Notwithstanding anything herein to the contrary, Luma is not and shall not be prohibited from working for Collabera in a capacity that does not violate his

Employment Agreement with Randstad and, consequently, Luma's employment by Collabera does not, standing alone, violate this Order.

7. The injunctive provisions of this order shall be binding on Luma and upon any person insofar as he/she/it is acting in the capacity of an agent, servant, or employee of Luma.

8. The Court shall retain jurisdiction over this action to ensure compliance with this order and for all other purposes related to this action.

9. This matter is **DISMISSED WITH PREJUDICE**, and the Clerk of Court is **DIRECTED** to close this matter.

*// Robert C. Stevens*
Robert C. Stevens (Ga. Bar No. 680142)
bstevens@seyfarth.com
Alex Meier (Georgia Bar No. 040704)
ameier@seyfarth.com
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, Georgia 30309-3962
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Counsel for Plaintiff Randstad Technologies, LLC*

*// Douglas Duerr*
Douglas Duerr (Ga. Bar No. 231772)
duerr@elarbee.com
Brent Wasser (Ga. Bar No. 371372)
wasser@elarbee.com
ELARBEE, THOMPSON, SAPP & WILSON LLP
800 International Tower
229 Peachtree Street, N.E.
Atlanta, Georgia 30303
Telephone: (404) 659-6700
Facsimile: (404) 222-9718

*Counsel for Defendants Collabera Inc. and Jeffrey Luma*

SO ORDERED this _____ day of _______________

By: ________________________________
Hon. Steve C. Jones
United States District Judge